# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

MONTGOMERY BLAIR SIBLEY )

     Plaintiff, )

     v. )       Civil Action No. 12-01984 (JDB)

YVETTE ALEXANDER, *et al.,* )

     Defendants. )

_____

## DEFENDANTS' MOTION TO DISMISS, TO STAY ALL DISCOVERY, FOR SANCTIONS, AND OMNIBUS OPPOSITION TO PLAINTIFF'S 1. MOTION FOR PRELIMINARY INJUNCTION; 2. MOTION FOR AN ORDER TO SHOW CAUSE; 3. MOTION TO REMAND; 4. FIRST EMERGENCY OMNIBUS MOTION; AND 5. MOTION TO AMEND THE COMPLAINT

     Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), 26(c), 81(c)(2)(C), and LCvR 65.1(c), the defendants,[1] by and through counsel, respectfully move to dismiss the Complaint herein, to stay all discovery, and for sanctions. The grounds and the reasons are set forth in the accompanying Memorandum of Points and Authorities, which also serves as the defendants' Omnibus Opposition to plaintiff's 1.) Motion for Preliminary Injunction; 2.) Motion for an Order to Show Cause; 3.) Motion to Remand; 4.) First Emergency Omnibus Motion; and 5.) Motion to Amend the Complaint.

     Alternative proposed orders are also attached hereto.

_____

[1]     The defendants (Yvette Alexander, Donald R. Dinan, and William Lightfoot), are District of Columbia Democratic Party electors who pledged to vote for President Obama. *See* Complaint ¶ 5. *See also* U.S. CONST. amend. XII, amend. XXIII; D.C. Official Code §§ 1-1001.01 (2011 Repl.), 1-1001.10(a)(2) (2012 Supp.). The Office of the Attorney General for the District of Columbia enters its appearance on behalf of the defendants to, *inter alia*, "vindicat[e] the will of the electorate." *Allen v. District of Columbia Bd. of Elections & Ethics*, 663 A.2d 489, 496 (D.C. 1995). *See also* D.C. Official Code § 1-301.81(a)(1) (2012 Supp.) (Attorney General "shall be responsible for upholding the public interest.").

Pursuant to LCvR 7(m), the undersigned discussed the subject motion with the *pro se* plaintiff, who did not consent to the relief requested herein.

For the reasons set forth herein, the Court should grant this motion because the claims are moot—the defendants have already cast the vote the plaintiff seeks to enjoin. Even if the claims were not moot, plaintiff has failed to meet any element of the four-part test for emergency injunctive relief, lacks standing, and has failed to state a claim upon which relief may be granted. Moreover, pending resolution of this motion, the Court should stay all discovery, because the discovery plaintiff has sought from third parties is burdensome and irrelevant to his instant claims. Finally, the Court should sanction plaintiff for this frivolous suit, by awarding the defendants their reasonable attorney's fees and costs, and by prohibiting plaintiff from making any future submissions without leave of Court.

DATE: December 19, 2012       Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

/s/ Grace Graham
GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov


## CERTIFICATE OF SERVICE

Copies filed and served electronically through ECF, this 19th day of December, 2012, and

via e-mail and fax to:

Montgomery Blair Sibley
4000 Massachusetts Ave., NW, #1518
Washington, DC 20016
(202) 478-0371
mbsibley@gmail.com

/s/ Andrew J. Saindon
ANDREW J. SAINDON
Assistant Attorney General, D.C.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| MONTGOMERY BLAIR SIBLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-01984 (JDB) |
| | ) | |
| YVETTE ALEXANDER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS, TO STAY ALL DISCOVERY, AND FOR SANCTIONS, AND IN OPPOSITION TO PLAINTIFF'S 1. MOTION FOR PRELIMINARY INJUNCTION; 2. MOTION FOR AN ORDER TO SHOW CAUSE; 3. MOTION TO REMAND; 4. FIRST EMERGENCY OMNIBUS MOTION; AND 5. MOTION TO AMEND THE COMPLAINT

Defendants, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), 26(c), 81(c)(2)(C), and LCvR 65.1(c), here move to dismiss the Complaint for Preliminary and Permanent Injunctive Relief and Declaratory Judgment ("Complaint"), to stay all discovery, and for sanctions. This memorandum of points and authorities in support thereof also serves as defendants' Omnibus Opposition to plaintiff's 1.) Motion for Preliminary Injunction; 2.) Motion for an Order to Show Cause; 3.) Motion to Remand; 4.) First Emergency Omnibus Motion; and 5.) Motion to Amend the Complaint.

Plaintiff's claims are moot, he has failed to meet any element of the test for emergency injunctive relief, he lacks standing, and he has failed to state any claim upon which relief may be granted. Moreover, plaintiff should be prohibited from propounding any discovery in this matter, to protect the defendants and third parties from plaintiff's burdensome and irrelevant requests.

I. Factual and Procedural Background

According to the Motion for Preliminary Injunction and Complaint, filed in the Superior Court of the District of Columbia on or about November 13, 2012, plaintiff is a registered voter in the District of Columbia and "was a candidate for President in the November 6, 2012, election."[2] Plaintiff's Motion for PI ("P.Mot.") at 1 (copy attached to defendant's Notice of Removal). Plaintiff alleges that President Obama is not a "natural born Citizen," as required by Article II, clause 5 of the Constitution, and is thus "ineligible" to serve as President. Super.Ct.Complaint ¶¶ 18–19.[3] Plaintiff seeks to enjoin the defendants from casting their votes as electors for President Obama. *Id.*, at 9.

The Superior Court (the Honorable John Mott), by *sua sponte* Order dated November 15, 2012, scheduled a hearing on plaintiff's motion for November 29, 2012, at 11 a.m. The defendants filed a written opposition on November 28, 2012, arguing, *inter alia*, that plaintiff had failed to meet any element of the four-part test for emergency injunctive relief. The defendants repeats those arguments herein.

---

[2]     The defendants reserve and do not waive any future defensive motions or pleadings and do not admit the factual allegations of the Complaint or plaintiff's motion, except for purposes of this Motion. Plaintiff is not a member of the District of Columbia Bar, *In re Sibley*, 990 A.2d 483 (D.C. 2010), and thus may not represent anyone other than himself, hence his incomprehensible attempts to proceed "as a Class" may be dismissed on that basis alone. *See* Complaint ¶¶ 6–12.

[3]     Plaintiff alleges that, because President Obama's father was not a United States citizen at the time of the President's birth, Mr. Obama himself cannot be a "natural born Citizen," as that term was understood "to the Framers of the Constitution." Super.Ct.Complaint ¶ 19. While the Court need not reach the question due to plaintiff's lack of standing, plaintiff is wrong as a matter of law. *See United States v. Wong Kim Ark*, 169 U.S. 649, 650 (1898) (citizenship is conferred on anyone born in the United States, regardless of his parents' citizenship). The purported authorities on which plaintiff's substantive claims rest have been conclusively rebutted elsewhere, and thus the Court need not waste further time doing so here. *See, e.g., Ankeny v. Governor*, 916 N.E.2d 678, 685–88 (Ind. Ct. App. 2010) (comprehensively refuting plaintiffs' "natural born citizen" arguments).

After hearing argument, at the conclusion of the hearing, Judge Mott took the matter under advisement. The following day, the District submitted a praecipe stating:

> [T]he case cited by plaintiff at the hearing, *Ray v. Blair*, 343 U.S. 214 (1952), by itself confirms the constitutionality of the District statute challenged by plaintiff, D.C. Official Code § 1-1001.08(g)(2). The Supreme Court held in *Ray v. Blair* that state laws which authorize political parties to require their electors to pledge to support their party's candidates (for President and Vice President) do not violate the Twelfth Amendment. *Id.* at 231. *See also id.* at n.14 ("This requirement of a pledge does not deny equal protection or due process."). *Accord, Democratic Party of the United States v. Wisconsin ex rel. La Follette*, 450 U.S. 107 (1981). *Cf. Kucinich v. Texas Democratic Party*, 563 F.3d 161, 167 (5th Cir. 2009) ("[U]ntil the Supreme Court modifies *Ray*, we cannot hold that a prospective candidate has a right to compel a political party to place him on its ballot when he refuses to agree to support its candidates.").

On December 12, 2012, without a decision from the Superior Court, the defendants filed their Notice of Removal of this matter, and their Notice of Related Case regarding *Sibley v. Obama*, No. 12-cv-01832 (JDB).

On December 17, 2012, plaintiff filed a Motion for an Order to Show Cause (directed to the Social Security Administration and the Selective Service System), a Motion to Remand, a "First Emergency Omnibus Motion" seeking an immediate hearing, and a Motion to Amend the Complaint.

## II. Argument

Under the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if

it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although the allegations in the complaint must be taken as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (alteration marks omitted). Under this standard, the instant complaint must be dismissed, as it is rife with legal conclusions couched as factual allegations.

On a motion to dismiss, the Court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record . . . without converting the motion into one for summary judgment." *Dyson v. District of Columbia*, 808 F.Supp.2d 84, 87 n.3 (D.D.C. 2011) (citations omitted). *See also Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) ("In determining whether a complaint states a claim, the

court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice.") (quoting *Stewart v. National Ed. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006)).

Similarly, on a motion pursuant to Rule 12(b)(1), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). *See also Masoud v. Suliman*, 816 F.Supp.2d 77, 80 (D.D.C. 2011) ("In evaluating subject matter jurisdiction, the Court, when necessary, may look outside the Complaint to 'undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'") (quoting *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

Notwithstanding that this matter is moot, all of plaintiff's allegations are frivolous and fail as a matter of law. No factual development can resuscitate them.[4]

Moreover, plaintiff's motion for preliminary injunction should be denied. Plaintiff has failed to meet any element of the four-part test, and there is no emergency here, notwithstanding that plaintiff has failed to present any competent evidence of any legally cognizable "injury" at all. This failure, alone, mandates denial of the requested emergency injunctive relief.

A. *Plaintiff Fails to Meet Any of the Elements Necessary for the Grant of Emergency Injunctive Relief.*

To obtain emergency injunctive relief in this Court, a plaintiff must satisfy each prong of the traditional four-part test, demonstrating: (1) a substantial likelihood of success on the merits; (2)

---

[4] Any references to public-record documents do not convert the instant motion into one for summary judgment. *See, e.g., Baker v. Henderson*, 150 F.Supp.2d 17, 19 n.1 (D.D.C. 2001) (court may consider documents "attached to or incorporated in the complaint . . . without converting the motion to dismiss into one for summary judgment.") (citations omitted).

irreparable injury in the absence of an injunction; (3) less injury to the non-moving party than the moving party if an injunction is ordered; and (4) that a preliminary injunction is consistent with the public interest. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *Katz v. Georgetown Univ.*, 246 F.3d 685, 687–8 (D.C. Cir. 2001); *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317–18 (D.C. Cir. 1998); *Mova Pharmaceuticals Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

Significantly, injunctive relief "is an extraordinary remedy that should be granted only when the party seeking relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (interim injunctive relief is "an extraordinary and drastic remedy")). Although a strong showing on one of the four factors may make up for a weaker showing on another, *Serono Labs.*, 158 F.3d at 1318, the moving party is required "to demonstrate at least 'some injury,'" *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995); *Chaplaincy*, 454 F.3d at 297 (even with the so-called balancing test, "[a] movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief"). Moreover, the Supreme Court mandates that plaintiffs seeking a preliminary injunction must show that it is *likely*, rather than just possible, that they will suffer an irreparable injury. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008) (injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Ultimately, a particularly weak showing on one factor may be more than the other factors can "compensate" for. *Taylor v. RTC*, 56 F.3d 1497, 1506 (D.C. Cir. 1995), *amended on other grounds on reh'g.*, 66 F.3d 1226 (D.C. Cir. 1995).

Plaintiff fails to meet *any* of the four factors in the traditional test, hence his application for emergency injunctive relief should be denied.


1. Plaintiff Fails to Establish A Substantial Likelihood of Success On the Merits.

*a. Plaintiff Lacks Standing.*

The "irreducible constitutional minimum" requirements for standing are that a plaintiff must show (1) an "injury in fact" which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that must be fairly traceable to the defendants' conduct and not the result of independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the alleged injury will be redressed if the relief sought is granted. *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If a plaintiff cannot meet all three prongs of this test, the Court must dismiss the suit for lack of standing. *See Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002) ("The Constitution requires a concrete and particularized injury."). Courts must resolve standing questions before proceeding to the merits of a case. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88–89 (1998).

Plaintiff cannot meet *any* of the three prongs of the standing test. "Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (citations and internal quotation marks omitted). *See also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not

satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

Under principles of prudential standing, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, plaintiff has not shown how he is "adversely affected or aggrieved" in a manner any different than any other registered voter in the District. Plaintiff has also not demonstrated that he has or will suffer any "concrete and particularized" injury to him as a putative candidate for President that is "actual or imminent." Consequently, plaintiff lacks standing.

While not entirely clear, it appears that plaintiff alleges harm to his interests as a registered voter in the District of Columbia and as a purported candidate for President. *See* P.Mot. at 3. Both of these theories have been found, repeatedly, insufficient to support standing, in this and other courts. Indeed, *this Court* has previously rejected *both* of these theories by this *same* plaintiff. *See Sibley v. Obama*, 866 F.Supp.2d 17, 20 (D.D.C. June 6, 2012) (plaintiff lacks standing to challenge President Obama's eligibility; "The injury plaintiff asserts is *not* particular to him. Self-declaration as a write-in candidate in the upcoming presidential election does not enable plaintiff to challenge President Obama's present position.") (citing *Kerchner v. Obama*, 612 F.3d 204, 207 (3rd Cir. 2010), and *Berg v. Obama*, 586 F.3d 234, 238–89 (3rd Cir. 2009)), *affirmed*, Order (No. 12-5198) (D.C. Cir. Dec. 6, 2012) (*per curiam*).[5] *See also Taitz v. Obama*,

---

[5]     Also by *per curiam* Order, dated May 29, 2012, the District of Columbia Court of Appeals dismissed the instant plaintiff's petition for review in *Sibley v. District of Columbia Bd. of Elections & Ethics*, No. 12-AA-516, which purported to seek review of the Board's determination of President Obama's eligibility to appear on the ballot, raising "natural born Citizen" arguments. Thus, notwithstanding the arguments in the instant Motion, plaintiff is

707 F.Supp.2d 1, 3 (D.D.C. 2010) (dismissing, for lack of standing, one of several such suits filed in plaintiff's "quixotic attempt to prove that President Obama is not a natural born citizen as required by the Constitution.").

Courts around the country have uniformly held that claims brought by voters challenging a political candidate's eligibility for the presidency must be dismissed for lack of standing, as individual voters cannot show the necessary "particularized" injury to their interests. *See, e.g., Kirchner*, 612 F.3d at 208;[6] *Berg*, 586 F.3d at 239;[7] *Reade v. Galvin*, ___ F.Supp.2d ___, 2012 WL 5385683, *3 (D. Mass. Oct. 30, 2012); *Liberty Legal Found. v. National Democratic Party of the USA, Inc.*, ___ F.Supp.2d ___, 2012 WL 2368448, * 7 (W.D. Tenn. Jun. 21, 2012) (citing, *inter alia, Lance v. Coffman*, 549 U.S. 437, 442 (2007) (*per curiam*) (where citizens allege that government actor is not following the Constitution, the alleged injury "is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to

---

precluded from proceeding here on the basis of *res judicata*. *See, e.g., United States v. Tohono O'Odham Nation*, ___ U.S. ___, 131 S. Ct. 1723, 1730 (Apr. 26, 2011) ("[T]he doctrine of claim preclusion, or res judicata, . . . bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.') (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)); *Young v. Federal Bureau of Prisons*, ___ F.Supp.2d ___, 2012 WL 6018773, *1 (D.D.C. Nov. 20, 2012) ("Under the doctrine of res judicata, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . ." including claims "that could have been raised in [the prior] action.") (citations omitted).

[6]       In light of the precedent of *Berg*, the Third Circuit in *Kirchner* ordered appellants' counsel "to show cause why just damages and costs should not be imposed on him [sic] for having filed a frivolous appeal." *Id.* at 206.

[7]       As to the numerous cases challenging the eligibility of then-candidate John McCain and President Obama based on their citizenship, "[t]hese cases have been denominated by the press as 'birther' cases." *Berg*, 586 F.3d at n.4.

countenance in the past.");[8] *Robinson v. Bowen*, 567 F.Supp.2d 1144, 1146 (N.D. Cal. 2008);[9]

*Hollander v. McCain*, 566 F.Supp.2d 63, 69 (D.N.H. 2008) ("McCain's candidacy for the

presidency, whatever his eligibility, is 'hardly a restriction on voters' rights' because it in no way

prevents them from voting for someone else.") (quoting *Becker v. FEC*, 230 F.3d 381, 390 (1st

Cir. 2000)); *Cohen v. Obama*, 2008 WL 5191864, *1 (D.D.C. Dec. 11, 2008). *Cf. Hollister v.*

*Soetoro*, 601 F.Supp.2d 179, 180–81 (D.D.C. 2009) (dismissing "natural born Citizen" claim,

and directing counsel to show cause why he should not be required to pay defendants' attorney's

fees and costs as sanction), *affirmed*, 368 Fed.Appx. 154 (D.C. Cir. 2010) (*per curiam*); *Voeltz v.*

---

[8]    Because the plaintiffs in *Liberty Legal* brought "frivolous" claims, "courts around the country have rejected claims of this kind in eighteen previously-filed suits[,]" and plaintiffs "should have known that all Plaintiffs lacked standing to bring this suit," the court granted in part the defendants' motion for sanctions. *Id.* at *1, *5.

[9]    The court in *Robinson* also determined that, even if plaintiff could demonstrate standing, it would be inappropriate to decide the merits of the claims:

> It is clear that mechanisms exist under the Twelfth Amendment and 3 U.S.C. § 15 for any challenge to any candidate to be ventilated when electoral votes are counted, and that the Twentieth Amendment provides guidance regarding how to proceed if a president elect shall have failed to qualify. Issues regarding qualifications for president are quintessentially suited to the foregoing process. Arguments concerning qualifications or lack thereof can be laid before the voting public before the election and, once the election is over, can be raised as objections as the electoral votes are counted in Congress. The members of the Senate and the House of Representatives are well qualified to adjudicate any objections to ballots for allegedly unqualified candidates. Therefore, this order holds that the challenge presented by plaintiff is committed under the Constitution to the electors and the legislative branch, at least in the first instance. Judicial review—if any—should occur only after the electoral and Congressional processes have run their course.

*Id.* at 1147 (citing *Texas v. United States*, 523 U.S. 296, 300–302 (1998)). *See also Voeltz, infra*, at 9 ("It is the conclusion of this Court that issues concerning President Obama's eligibility to be President of the United States have been committed under the Constitution to the presidential electors and the Congress and, as a consequence, this Court lacks subject matter jurisdiction to consider the issue.") (citing, *inter alia*, *Robinson*).

*Obama*, No. 2012-CA-02063 (Fla. Cir. Ct. Sep. 6, 2012), Order Granting Motions to Dismiss or,

in the Alternative, Granting the Secretary and Commission's Motion for Summary Judgment, at

11–12.

To the extent plaintiff claims that his status as a putative candidate in the last election for

President endows him with so-called "competitor standing," he similarly fails.[10] *See, e.g., Drake*

*v. Obama*, 664 F.3d 774, 779 (9th Cir. 2011) (affirming dismissal; plaintiffs "failed to establish

redressability sufficient to establish standing. They cannot claim competitive standing because

they were no longer candidates when they filed their complaint."). While plaintiff here was

(assuming the truth of his allegations) technically a candidate, that alone is insufficient to

demonstrate standing:

> [The complaint] fails to allege specific facts showing that [either plaintiff] will
> actually appear on a ballot competing with President Obama in the November
> 2012 elections. At most, the pleadings state that [plaintiffs] are registered
> candidates for President of the United States. Neither Plaintiff has alleged that he
> is a Tennessee political party's nominee for the office, that his name will appear
> on the ballot for Tennessee's general election in November, that he is
> campaigning in the state of Tennessee, that any registered voter in Tennessee
> intends to cast a vote for him, or that President Obama's presence on the ballot
> will in any way injure either candidate's campaign. In short, [plaintiffs] have not
> alleged that he [sic] is truly in competition with President Obama for votes in
> Tennessee's general election. In the absence of some plausible factual allegations
> of "concrete and actual or imminent" injury, [plaintiffs] have failed to plead that
> either will suffer an injury-in-fact sufficient to establish standing.

*Liberty Legal Found. supra*, 2012 WL 2368448 at * 7 (footnotes omitted).

So too here. Even if the 2012 presidential election had not already occurred, the instant

plaintiff was, at most, a *write-in* candidate, hence he failed to allege facts sufficient to establish

competitive standing, as he did not allege that he is any political party's nominee, or that his

---

[10]     Plaintiff alleges that he "qualified" as a write-in candidate for President by filing
the appropriate paperwork. *See* Complaint ¶ 4. However, the election has already occurred,
rendering this aspect of plaintiff's challenge moot, as discussed elsewhere herein.

name will (or would have) appeared on the ballot; plaintiff did not allege that any registered voter in the District intended to cast a vote for him, or that President Obama's presence on the ballot in any way injured his erstwhile campaign. Plaintiff has thus failed to plausibly allege that he is (or was) truly in competition with President Obama for votes. Plaintiff thus lacks standing.

Similarly fatal to plaintiff's claims is the fact that plaintiff does not allege any specific "injury" attributable to *the defendants* themselves. The defendants have vindicated the will of the electorate; nothing they have done has caused (or will cause) any injury to plaintiff.

Plaintiff's claims are thus fatally attenuated. *See Chamber of Commerce of the U.S. v. EPA*, 642 F.3d 192, 202 (D.C. Cir. 2011) ("[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish.") (quoting *Lujan*, 504 U.S. at 562).

The alleged "injuries" here derive from the President's purported ineligibility for that office, not any action or inaction on the part of the instant defendants. There is thus no "causal nexus between the [defendants'] action[s] and the asserted injury." *Urban Health Care Coal. v. Sebelius*, 853 F.Supp.2d 101, 105 (D.D.C. 2012) (quoting *Humane Soc'y of the United States v. Babbitt*, 46 F.3d 93, 100 (D.C. Cir. 1995)).

To the extent plaintiff claims injury from the defendants allegedly acting in violation of the Constitution, such an injury is insufficient—as a matter of law—to demonstrate standing, even if proven:

> [W]e have . . . held that an injury amounting only to the alleged violation of a right to have the Government act in accordance with law was not judicially cognizable because assertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575–76 (1992) (quotation marks and citations omitted).

Likewise, plaintiff cannot show that his alleged injuries are "likely" to be redressed if the defendants are enjoined from casting their votes as electors. "The redressability inquiry poses a simple question: 'If plaintiff secured the relief they sought, would it redress their injury?'" *Village of Bensenville v. FAA*, 457 F.3d 52, 69 (D.C. Cir. 2006) (quoting *Wilderness Soc'y v. Norton*, 434 F.3d 584, 590 (D.C. Cir. 2006)).

Even if the matter were not moot (as discussed below) and the Court granted entirely the relief sought here,[11] the District maintains only three (3) votes in the Electoral College, and President Obama's designated electors from elsewhere in the United States were more than sufficient to enable him to be re-elected. *See, e.g.*, *Obama wins Florida; Final electoral vote count 332 to 206*, CBS News (Nov. 10, 2012) (available online at *http://www.cbsnews.com/8301-250_162-57548098/obama-wins-florida-final-electoral-vote-count-332-to-206/*) (last visited December 17, 2012). *Cf. Fitzgerald v. Green*, 134 U.S. 377, 379 (1890) ("The sole function of the presidential electors is to cast, certify, and transmit the vote of the state for president and vice-president of the nation.").

Plaintiff thus fails the redressability prong. *See, e.g., Newdow v. Roberts*, 603 F.3d 1002, 1011 (D.C. Cir. 2010) ("declaratory and injunctive relief against the defendants actually named would not prevent the claimed injury."); *id.* at 1012 ("courts cannot redress injury . . . that results from [such] independent action" of a third party) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)); *Renal Physicians' Ass'n v. United States Dep't of Health & Human*

---

[11]     Plaintiff's proposed preliminary-injunction order states "Defendants are ordered not to cast their Twelfth Amendment votes for Barrack Hussein Obama II."

*Servs.*, 489 F.3d 1267, 1276 (D.C. Cir. 2007) ("to establish redressability at the pleading stage, . . . the facts alleged [must] be sufficient to demonstrate a substantial likelihood that the third party directly injuring the plaintiff would cease doing so as a result of the relief the plaintiff sought.") (citing *Nat'l Wrestling Coaches Ass'n v. Dep't of Education*, 366 F.3d 930, 939–40 (D.C. Cir. 2004)); *Urban Health Care*, 853 F.Supp.2d at 107 ("[R]edressability cannot depend upon the action or discretion of a non-party not before the court.") (citations omitted).

### 2. Plaintiff Has Failed to Establish Irreparable Harm As A Matter of Law.

Plaintiff has failed to show irreparable injury, and, in fact, has submitted *no competent evidence at all* in support of his demand for emergency injunctive relief, aside from a single, conclusory "affidavit."[12] As such, the Court may deny plaintiff's request without examination of the other factors. *CityFed*, 58 F.3d at 746.

Notwithstanding this fatal flaw:

> The irreparable harm requirement erects a very high bar for a movant. *See Varicon Int'l v. Office of Pers. Mgmt.*, 934 F.Supp. 440, 447 (D.D.C. 1996). A plaintiff must show that he will suffer harm that is "more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff." *Gulf Oil Corp. v. Dep't of Energy*, 514 F.Supp. 1019, 1026 (D.D.C.1981). "[T]he alleged injury must be certain, great, actual, and imminent." *Hi–Tech Pharmacal Co., Inc. v. Food and Drug Admin.*, 587 F.Supp.2d 1, 11 (D.D.C. 2008) (citing *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (*per curiam*)).

*Ord v. District of Columbia*, 2010 WL 8971995, *2 (D.D.C. May 10, 2010).

There is no "emergency" here. Plaintiff began challenging the President's eligibility many months ago, *see Sibley*, 866 F.Supp.2d at 20, notwithstanding that the President has since

---

[12]     Because the affidavit was not notarized, it is more properly characterized as a declaration. *See* 28 U.S.C. § 1746.

been elected to his second term of office. Nothing will occur in the immediate future requiring the invocation of this Court's equitable powers. Plaintiff's conclusory claims of "emergency" must be rejected.

Plaintiff has failed to meet his dramatic burden to show imminent, irreparable injury, and therefore his motion must fail.


3. <u>The Balance of Equities Favors the Denial of the Injunctive Relief Sought</u>.

The balance of equities tips decidedly in favor of the defendants, where plaintiff essentially is asking this Court to issue a mandatory injunction on theories that have previously been rejected by numerous courts across the country. Notwithstanding that the election has already occurred and any order of this Court granting injunctive relief would have no effect on the inauguration of the President, an injunction would substantially injure the defendants and the public's interest in an orderly election process.

When considering the harm to the parties in determining the balance of equities, the Court must not only consider the parties to the case, but also the public. *See Majhor v. Kempthorne*, 518 F. Supp. 2d 221, 255 (D.D.C. 2007) (court must consider "the extent to which a preliminary injunction would 'substantially injure other parties.'") (quoting *CityFed*, 58 F.3d at 746).

It cannot be in the public interest to inject doubt or confusion into the results of a national election that occurred over a month ago, especially on the flimsy "evidence" put forth by plaintiff. "[A]ny time a State [or local government] is enjoined by a court from effectuating statutes enacted by the representatives of its people, it suffers a form of irreparable injury." *Ord, supra*, at *4 (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox. Co.*, 434 U.S. 1345, 1351

(1977) (Rehnquist, Circuit J.)). Here, an injunction would not only prevent the defendants from effectuating D.C. Official Code § 1-1001.08(g)(2), but also stop the operation of the Twenty-Third Amendment to the Constitution.

In these circumstances, the defendants enjoy the balance of equities in their favor.


4. The Public Interest Favors the Defendants.

It is plaintiff's self-interest, not the public interest, which is at the root of the Complaint. *See, e.g., United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 496 (2001) (courts "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."). The public interest favors denying the motion.

The public consequences of an injunction here, notwithstanding the Court's inability to fashion meaningful relief, would be troubling, as a favorable ruling on plaintiff's ludicrous theories would encourage others to file similarly meritless claims.

For the reasons discussed herein, "[i]t is in the public interest to deny injunctive relief when the relief is not likely deserved under the law." *Hubbard v. United States*, 496 F.Supp.2d 194, 203 (D.D.C. 2007) (quoting *Qualls v. Rumsfeld*, 357 F.Supp.2d 274, 287 (D.D.C. 2005)).

The public interest demands more than plaintiff's self-interest.

> [A]n election contest is not merely a proceeding for the settlement of private rights. It is a proceeding in which the people—the public—are primarily concerned. Ours is not a government of rival claimants to an office nor of office-holders. It is a government of the people. Their interest and right is to be represented by those whom they have chosen to be their public servants. That interest and right is something rival claimants to an office cannot [litigate] away.

*Allen*, 663 A.2d at 496 n.12.

*B. Plaintiff Fails to State a Claim and Should Not be Granted Leave to Amend.*

For all the reasons stated herein (and in the Court's previous decisions involving this plaintiff), plaintiff has failed to state a claim upon which relief may be granted, and this case should be dismissed. *See, e.g., Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007) (trial court may dismiss a complaint *sua sponte* for failure to state a claim); *Prince v. Purdue*, 2010 WL 724705 (D.D.C. Feb. 24, 2010) (same).

Moreover, adding Vice President Biden as a defendant would be futile, in light of *Sibley v. Obama*, 866 F.Supp.2d 17 (D.D.C. 2012), *affirmed*, Order (No. 12-5198) (D.C. Cir. Dec. 6, 2012) (*per curiam*). *See, e.g., Bowie v. Maddox*, 642 F.3d 1122, 1132 (D.C. Cir. 2011) ("Because adding these defendants to [plaintiff's] complaint would have been futile, the district court did not abuse its discretion in denying his motion for leave to amend.") (citing *Nat'l Wrestling Coaches*, 366 F.3d at 945).

Plaintiff's Motion for Leave to Amend should be denied.

*C. This Matter is Moot.*

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ameziane v. Obama*, 699 F.3d 488, 492 (D.C. Cir. 2012) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A case is also moot if it is "impossible for the court to grant any effectual relief whatever." *Id.* (quoting *Cody v. Cox*, 509 F.3d 606, 608 (D.C. Cir. 2007)).

Here, the defendants cast their Electoral College votes on Monday, December 17, 2012, pursuant to 3 U.S.C. § 7.[13] Consequently, plaintiff's claims are moot, as the defendants can no longer be enjoined.

Moreover, the President, notwithstanding his purported ineligibility, cannot run for the office again, *see* U.S. CONST., amend. XXII, sec. 1, hence plaintiff's "natural born Citizen" claims are moot. *Camreta v. Greene*, ___ U.S. ____, 131 S.Ct. 2020, 2034 (May 26, 2011) ("When 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur,' we have no live controversy to review.") (quoting *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968)). *See also Herron for Congress v. FEC*, ___ F.Supp.2d ____, 2012 WL 5451811, *3 (D.D.C. Nov. 8, 2012) ("Given the irreversibility of the 2010 election, it falls to Herron to demonstrate that his claim is not moot.") (citing, *inter alia, Virginians Against a Corrupt Congress v. Moran*, 1993 WL 260710, *1 (D.C. Cir. Jun. 29, 1993) (*per curiam*) ("The passage into history of the 1992 election makes it impossible for this or any court to grant meaningful relief with respect to that election.")).

---

[13]     Pursuant to that provision, the vote occurs on "the first Monday after the second Wednesday in December . . . ." *Id*. Plaintiff erroneously contends that the referenced vote occurred on December 6. *See* Doc. No. 7 at n.2; Doc. No. 8 at ¶ 4. *Cf.* Josh Hicks, *Electoral college set to vote on President Obama's reelection*, Wash. Post, Dec. 16, 2012 (*available online at* http://www.washingtonpost.com/politics/electoral-college-set-to-vote-on-president-obamas-reelection/2012/12/16/d308db4e-4639-11e2-9648-a2c323a991d6_story.html?wprss=rss_whitehouse (visited Dec. 18, 2012); Executive Office of the Mayor, *Mayor Vincent C. Gray to Convene the 13th Meeting of the District of Columbia Electoral College*, Dec. 14, 2012 (*available online at* http://mayor.dc.gov/release/mayor-vincent-c-gray-convene-13th-meeting-district-columbia-electoral-college) (visited Dec. 18, 2012).

*D. The Motion for Remand Should be Denied.*

Plaintiff's Motion for Remand should be denied. In it, he argues that "Title 28 U.S.C. § 1447 is unconstitutional[,]" Doc. No. 6 at 1, but then moves under that very statute to remand. *Id.* The defendants removed the matter from Superior Court because this case involves a federal question, *see* 28 U.S.C. § 1441(a). Plaintiff's new assertion that this law is unconstitutional, leaving aside that it is incomprehensible, would *also* support this Court's exercise of original jurisdiction. Plaintiff also erroneously invokes the *Rooker-Feldman* doctrine, but there is no "state court judgment" being challenged here. Plaintiff's assertion that the defendants removed this matter "in bad faith," Doc. No. 6 at 3, is specious, and requires no further response.

*E. All Discovery Should be Stayed.*

Since this matter was first filed in Superior Court, it appears that plaintiff has served or attempted to serve numerous subpoenas on a range of institutions, for documents utterly irrelevant to any claim involving *these defendants* or this lawsuit. *See* Doc. No. 5 (including copies of subpoenas to the Selective Service System and the Social Security Administration).[14]

Notwithstanding this, it is well-established that discovery is improper when a dispositive motion (like this one) is pending. *See, e.g., Sibley v. United States Supreme Court*, 786 F.Supp.2d 338, 346 (D.D.C. 2011) ("discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (citations omitted).

---

[14] Plaintiff has also served, or attempted to serve, subpoenas on Columbia University, Occidental College, and Harvard Law School, in addition to the President himself.

And while quashing subpoenas "goes against courts' general preference for a broad scope of discovery, . . . limiting discovery is appropriate when the burden of providing the documents outweighs the need for it." *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 354 (D.D.C. 2011) (quoting *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005)).

While no requirement for "relevance" appears in Rule 45, a subpoena is limited in scope to the same standards as other written discovery per Rule 26(b)(1). *Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011) (citing, *inter alia, Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007)). Thus, courts apply a "balancing test" to determine whether discovery over objections should occur, "weighing the burdensomeness to the [party on which the subpoena was served] against the [need of the party which served the subpoena] for, and the relevance of, the information being sought." *Id*. at 37 (alterations in original) (quoting *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 102–103 (D.D.C. 2005)); *Call of the Wild*, 770 F.Supp.2d at 354 ("When evaluating whether the burden of subpoena compliance is 'undue,' the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information.") (citations omitted).

Here, plaintiff seeks to enjoin the defendants from casting their votes—as electors for the District of Columbia—because he apparently believes that D.C. Official Code § 1-1001.08(g)(2) "contravene[s]" the Constitution. Complaint ¶¶ 23–24. But none of the discovery sought is remotely relevant to these claims, and is concerned solely with plaintiff's obsession with the President's "eligibility" for office. The discovery sought—in addition to being unduly burdensome on third parties—will shed no light on whether D.C. Official Code § 1-

1001.08(g)(2) "force[s] the Defendants to contravene the superior obligations imposed by the Constitution on [them]." Complaint ¶ 23. Consequently, the discovery sought is irrelevant, and must be quashed. *See Coleman*, 275 F.R.D. at 37 ("the relevance standard is 'not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'") (citation omitted). *See also Andrades v. Holder*, ___ F.R.D. ___, 2012 WL 3573878, *2 (D.D.C. Aug. 20, 2012) (granting motion to quash subpoenas directed to third parties) ("The discovery rules, however, are not an open-ended invitation to subject a party to irrelevant, unduly burdensome, or otherwise improper discovery requests.") (citing Fed. R. Civ. P. 26(b)(2)–(3), (c)).

*F. Plaintiff Should be Sanctioned.*

All federal courts possess the inherent power to sanction the parties and attorneys that appear before them, to protect against (and punish) litigation abuses. *See, e.g., Chambers v. NASCO*, 501 U.S. 32, 46 (1991); *Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011) (sanctions imposed under district court's inherent authority "enabl[e] courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.") (quoting *Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995)).

Here, the defendants respectfully request that the Court invoke its inherent authority to sanction plaintiff by awarding reasonable attorney's fees and costs to the defendants for their costs in defending themselves in this litigation, and by enjoining him from filing any new lawsuits addressing in any way President Obama's eligibility to serve as President, filing further

submissions in this case or any other existing lawsuits, or serving any discovery whatever (including subpoenas) on any person or entity, without leave of Court. *See Kaufman v. IRS*, 787 F.Supp.2d 27, 36–37 (D.D.C. 2011) (enjoining plaintiffs from filing further submissions without leave of court) (court "may employ injunctive remedies to protect the integrity of courts and the orderly and expeditious administration of justice.") (quoting *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)); *Sindram v. Superior Court*, 465 B.R. 347 (D.D.C. 2011) (dismissing appeals by "serial litigant") ("The constitutional right of access to the courts is not absolute or unconditional. If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, 'a [c]ourt may employ injunctive remedies . . . .'") (citations omitted).[15]

Mr. Sibley has been repeatedly sanctioned by courts for his behavior as a litigant. *See Sibley v. Levy*, 203 Fed.Appx. 279, 281 (11th Cir. 2006) (*per curiam*) (affirming trial court's award of attorney's fees to defendant on grounds that the complaint was "frivolous," *i.e.*, "so lacking in arguable merit as to be groundless or without foundation") (citing *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)); *Sibley v. Florida Judicial Qualifications Comm'n*, 973 So.2d 425, 427 (Fla. 2006) (sanctions merited for "frivolous and abusive filings"; instructing Clerk "to reject for filing any future pleadings, petitions, motions, documents or other filings submitted by Montgomery Blair Sibley in any way related to his domestic disputes, unless signed by a member in good standing of The Florida Bar other than Montgomery Blair Sibley."), *cert. denied*, 549 U.S. 1031 (2006); *Sibley v. Sibley*, 885 So.2d 980, 988 (Fla. Dist. Ct. App.) (sanctions granted; "We therefore prohibit the former husband from further self-representation in this court. We direct the clerk of this court to reject any further

---

[15]    Plaintiff, too, may fairly be characterized as a serial litigant. As of Dec. 10, 2012, there were some 135 reported and unreported decisions on WestLaw since 1998 with plaintiff as a party.

filings in this court on the former husband's behalf unless signed by a member of the Florida Bar (other than the former husband)."), *cert. denied*, 546 U.S. 813 (2005).

In light of plaintiff's extensive record of frivolous and abusive litigation practices in this Court, this Court should likewise sanction plaintiff by awarding the defendants reasonable expenses, and directing the Clerk of this Court to reject any new lawsuits by plaintiff addressing in any way President Obama's eligibility to serve as President, and prohibiting plaintiff from filing further submissions in this case or any other existing lawsuits, or serving any discovery whatever (including subpoenas) on any person or entity, without leave of Court.

### III. Conclusion

For the foregoing reasons, the defendants move to dismiss the Complaint and stay all discovery. A proposed Order is attached hereto.

DATE: December 19, 2012              Respectfully submitted,

                                     IRVIN B. NATHAN
                                     Attorney General for the District of Columbia

                                     ELLEN A. EFROS
                                     Deputy Attorney General
                                     Public Interest Division


                                     /s/ Grace Graham
                                     GRACE GRAHAM, D.C. Bar No. 472878
                                     Chief, Equity Section
                                     441 Fourth Street, NW, 6th Floor South
                                     Washington, DC 20001
                                     Telephone: (202) 442-9784
                                     Facsimile: (202) 741-8892
                                     Email: grace.graham@dc.gov

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov