UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONTGOMERY BLAIR SIBLEY,<br><br>      Plaintiff,<br><br>      v.<br><br>YVETTE ALEXANDER, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 12-cv-01984<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF THE UNITED STATES TO DISCOVERY MOTIONS FILED BY PLAINTIFF

### INTRODUCTION[1]

By this action, *pro se* Plaintiff Montgomery Blair Sibley seeks an injunction and declaratory relief barring Defendants Alexander, Dinan, and Lightfoot, the three electors who are participants in the Electoral College on behalf of the District of Columbia, from casting their electoral votes for President Barack Obama.  Compl. 1-2.  As set forth more fully in the United States' prior filing in this action [Dkt. #14], Plaintiff has, from the commencement of this action, engaged in numerous vexatious efforts to obtain discovery, all in violation of the Federal Civil and the Superior Court Rules of Civil Procedure, and all in pursuit of a frivolous — and moot — case.

Almost as if to prove the Government's point, Plaintiff has now filed two additional frivolous motions.  The first, styled as an "Emergency Second Motion for Order to Release

---

[1] This filing responds to the motions entered as docket numbers 12 and 16.  The United States previously responded [Dkt. #14] to Plaintiff's motion concerning the Department of State (filed in Superior Court), *see* Dkt. #14 Ex. 8, and also responded concerning other subpoenas purported to have been issued to other federal entities, *see generally* Dkt. #14; *cf.* Pl.'s Mot. for Order to Show Cause [Dkt. #5].

Privacy Act-Protected Records and Expedited Consideration Based Upon *Prima Facie* Evidence of Destruction of Evidence Related to Obama's Birth," apparently seeks an order from the Court requiring the National Archives and Record Administration ("NARA") to produce and release original I-9 arrival records for Honolulu, Hawaii from August 1961. Dkt. #12. The second, styled as "Plaintiff's Second Verified Motion for Rule to Show Cause Why Barack Hussein Obama, II, Should Not Be Held in Contempt of Court," re-hashes Plaintiff's prior motion concerning Plaintiff's misguided efforts to serve a subpoena on the President. Dkt. #16. Both of these motions should be denied and the subpoenas quashed.[2]

## ARGUMENT

Plaintiff's motions should be denied for numerous reasons. First, as set forth previously, Plaintiff has engaged in discovery that demonstrates an intent to harass numerous institutions and individuals with ill-conceived discovery requests and premature motions, with little regard for the rules of procedure, much less for relevance and need. As prior filings make plain, it is apparent that there are serious questions about the Court's jurisdiction to hear this case. As a result, the federal government has sought a stay of all discovery in this matter until: (1) Defendants have responded to the complaint and the Court has considered any jurisdictional objections; (2) the proper time for the commencement of discovery under Fed. R. Civ. P. 26; or (3) the Court has held an initial status hearing in this matter. Dkt. #14. A stay is warranted because the discovery Plaintiff has sought so far is wholly frivolous, and there is reason to

---

[2] As before, the United States appears in this action specially in order to attend to the interest of the United States, and does not waive any other objections it may have to Plaintiff's vexatious discovery tactics.

suspect that yet more improper attempts to seek discovery and other relief may be forthcoming. This harassment should be stopped.

As to Plaintiff's two most recent motions concerning his ill-fated subpoenas, those subpoenas should be quashed, as they do not comply with Federal Rule of Civil Procedure 45, and, in the case of the subpoena to the president, has not been properly issued or served. Plaintiff's subpoenas were issued by a court without authority to require production by federal agencies, and fail to comply with *Touhy* regulations adopted by those agencies. The available grounds for the Court to reject Plaintiff's motions are manifold. But a few are set forth below.

I. **The Subpoena To The President Has Not Been Served And Is Improper.**

As Plaintiff's own filings demonstrate plainly, Plaintiff never served the original superior court subpoena Plaintiff seeks to enforce now. By Plaintiff's own admission, the subpoena was mailed to the White House. Ex. 1 at 2 ("Motion for Rule to Show Cause Why Barack Hussein Obama, II, Should Not Be Held in Contempt of Court," filed in Superior Court). This is insufficient service. *See* D.C. Sup. Ct. R. Civ. P. 45(b). After removal from D.C. Superior Court, counsel for the Government pointed this failure out to Plaintiff but indicated that the Department of Justice was authorized to accept service of a valid subpoena issued from the U.S. District Court. Dkt. #16 Ex. B. Rather than serve such a subpoena, Plaintiff simply attempted to re-issue the prior subpoena. *Id*. This attempt at service was improper, not only because it should have issued from the district court in the first instance, but because the scope of counsel's authorization was limited to service of a proper district court subpoena. *Id*. In either case, service has not been properly effectuated and there can be no obligation to respond. Certainly

there can be no obligation to respond to a subpoena attempted to be served prior to the commencement of discovery under the Federal Rules. Fed. R. Civ. P. 26(d).

The Court need go no further, but the subpoena is also improper on the merits because the subpoena seeks an "original" copy of a document that has already been released to the public. Not only are there no meritorious grounds for seeking possession of the original, but also there are no conceivable grounds for the relevance of the document to this action, which seeks to intrude into the mechanisms of the Electoral College, all at the behest of a disgruntled citizen who lacks standing. To demand the attention of the President of the United States to the pursuit of such folly is plainly unwarranted.

## II.    The Subpoena To NARA Is Improper And There Is No Basis To Challenge NARA's Response.

As to the subpoena directed to NARA, as that agency already has explained to Plaintiff, that subpoena suffers from numerous deficiencies. In particular, Plaintiff's subpoena failed to comply with the requirement in 36 C.F.R. § 1251.10(e) that demands for records permit 45 days for processing. Dkt. #14 Ex. 6 at 1; *Houston Bus. Journal, Inc.*, 86 F.3d at 1212 ("[A] court cannot enforce a subpoena against an employee of the federal governmental agency when the agency has validly enacted a regulation … that withdraws from employees the power to produce documents."); *Santini v. Herman*, 456 F. Supp. 2d 69, 71-72 (D.D.C. 2006) (granting motion to quash subpoena on federal government agency where the issuer of the subpoena had failed to comply with the agency's *Touhy* regulations). Moreover, the subpoena did not include the required "detailed description of how the information sought is relevant to the issues in the legal proceeding." 36 C.F.R. § 1251.10(c). Furthermore, when determining whether to comply with a demand for records, NARA takes "into consideration whether the records can be obtained from

4

the publicly available records of NARA," Dkt. #14 Ex. 6 at 1 (citing 36 C.F.R. § 1251.6(l)), and here, the requested records were publicly available, *id*.  Thus, NARA construed the subpoena as a records request and made those documents available to Plaintiff.  That Plaintiff is dissatisfied with the breadth or quality of those records is immaterial to the question of whether this Court should grant him the relief he requests, *i.e.*, an order requiring production of the "original I-9 records" Plaintiff purports to seek.  Dkt. #12 at 3.  Setting aside that Plaintiff's own motion makes plain that NARA, in construing the subpoena as a records request, made available those records it had, *see id.* at 2, there is no basis to entertain Plaintiff's request to the Court, in light of the fact that the subpoena was improper in the first instance.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motions (Dkt. #12 & #16) should be denied.

Dated: January 2, 2013.                                   Respectfully submitted,

                                                          STUART F. DELERY
                                                          Principal Deputy Assistant Attorney General

                                                          RONALD C. MACHEN, JR.
                                                          United States Attorney

                                                          ARTHUR R. GOLDBERG
                                                          Assistant Branch Director

                                                          　/s/　
                                                          BRIGHAM J. BOWEN (D.C. Bar No. 981555)
                                                          SCOTT RISNER (MI Bar No. P70762)

---

[3] If necessary, NARA would be willing to submit a declaration explaining the nature of the requested records at issue, the Agency's actions to provide plaintiff with access to those records, and NARA's understanding for why records of certain dates may or may not have been available.  NARA respectfully suggests, however, that such a declaration should not be necessary.

        Civil Division, U.S. Department of Justice
        Federal Programs Branch
        P.O. Box 883, 20 Massachusetts Ave., N.W.
        Washington, D.C. 20044
        Ph. (202) 514-6289
        Fax (202) 616-8470
        E-mail: brigham.bowen@usdoj.gov

*Counsel for Movants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2nd day of January, 2013, I caused a true and correct copy of the foregoing memorandum to be served upon Plaintiff by first class United States mail, postage prepaid marked for delivery to:

**Montgomery Blair Sibley**
**4000 Massachusetts Ave. NW #1518**
**Washington, DC 20016**

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Brigham Bowen