UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

                    PLAINTIFF,

VS.

YVETTE ALEXANDER,  DON R. DINAN AND
WILLIAM LIGHTFOOT,

                    DEFENDANTS.
_____/

CASE NO.:12-CV-1984 (JDB)

PETITIONER'S MOTION TO DISQUALIFY
THE HONORABLE JOHN D BATES

Plaintiff, Montgomery Blair Sibley ("Sibley"), invoking 28 U.S.C. §1746, states that the

matters stated herein are true under penalty of perjury and, pursuant to the fundamental right to an

impartial tribunal, due process, 28 U.S.C. §455(b)(5)(i)[1] and/or 28 U.S.C. §144[2], moves for entry of

an order disqualifying the Honorable John D Bates from further involvement in this matter, and for

grounds in support thereof states:

---

[1]       "§ 455. Disqualification of Justice, Judge, or Magistrate Judge. (a) Any justice, judge,
or magistrate judge of the United States shall disqualify himself in any proceeding in which his
impartiality might reasonably be questioned."

[2]       "§144. Bias or Prejudice of Judge. Whenever a party to any proceeding in a district
court makes and files a timely and sufficient affidavit that the judge before whom the matter is
pending has a personal bias or prejudice either against him or in favor of any adverse party, such
**judge shall proceed no further therein**, but another judge shall be assigned to hear such
proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice
exists, and shall be filed not less than ten days before the beginning of the term at which the
proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party
may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of
record stating that it is made in good faith" (Emphasis added).

1

RECEIVED
Mail Room

- 4 2012

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

I.     THE LAW OF DISQUALIFICATION/RECUSAL

Disqualification of judges of this Court is first commanded by a litigant's fundamental right to an impartial tribunal which pre-dates – and is preserved by the Ninth and Tenth Amendments to – the Constitution.

Second, disqualification is governed by the United States Constitution upon which the Supreme Court has exposited that: "[a] fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *In re Murchison*, 349 U.S. 133, 136 (1955).  As such, the stringent rule of preventing even the probability of unfairness "that may sometimes bar trial by judges who have no actual bias and who will do their very best to weigh the scales of justice equally between contending parties.  But to perform its high function in the best way 'justice must satisfy the appearance of justice.'"  *Murchison* at 136.  *Accord*: *Peters v. Kiff,* 407 U.S. 493 (1972)("Moreover, even if there is no showing of actual bias in the tribunal, this Court has held that due process is denied by circumstances that create the likelihood or the appearance of bias.")

Third, 28 U.S.C. §455(a) – "Disqualification of justice, judge, or magistrate judge" obligates the Honorable John D Bates to disqualify himself when his: "impartiality might reasonably be questioned."

Last, Congress has imposed an obligatory disqualification under 28 U.S.C. §144.  By this pleading, Sibley has met the requirements of §144 and thus this Court has no discretion to deny this motion to disqualify.

## II.    THE FACTS AND REASONS MANDATING DISQUALIFICATION/RECUSAL

As for the §144 bias or prejudice, I believes that Honorable John D Bates has a personal bias or prejudice either against me and/or in favor of the Defendants. The reasons for the belief that such bias or prejudice exists is found in his Memorandum Order of December 19, 2012 entered in *Sibley v. Obama*, Case No.:12-cv-01832 (JDB). In particular, in that opinion, the Honorable John D Bates:

a.    Mis-applies the pejorative term "birther" to me demonstrating his complete lack of understanding of the issues I raise and his utilization of *ad hominem* reasoning in adjudicating my claim. Indeed, he continues by mis-characterizing my argument as based upon the claim that Obama was "supposedly was not born in the United States." In fact, I make no such claim but instead raise the incontestable issue that Obama's father was <u>not</u> a U.S. Citizen and the documents that support Obama's claim to be born in Hawaii appear to be forgeries.

b.    Refuses to allow oral argument to enlighten him on points of fact and law that he clearly misunderstood.

c.    Patently violated LCvR 65.1(d). On November 14, 2012, I filed my "Verified Motions for Preliminary Hearing and Expedited Discovery and Demand for Hearing". In that motion, I specifically requested a hearing pursuant to LCvR 65.1(d)[3] which obligated Judge Bates to rule upon the Motion for Preliminary injunction within twenty-one (21) days. Yet, thirty-five (35) days later, Judge Bates had <u>failed</u> to discharge his obligation imposed by LCvR 65.1(d).

---

[3]    "On request of the moving party together with a statement of the facts which make expedition essential, **a hearing on an application for preliminary injunction shall be set by the court no later than 21 days after its filing**, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties. . ." (Emphasis added).

When I brought this <u>failure</u> to Judge Bates' attention by filing with the clerk <u>prior</u> to the Court's order of dismissal my "Notice That the Court is In violation of LCvR 65.1(d)" in Case No.:12-cv-01832 (JDB), Judge Bates promptly entered his order of dismissal. Note that the order of the "Notice" and the dismissal order on the docket are not indicative of the actual order of filing. Judge Bates denies me access to CM/ECF which allows instantaneous filings; hence I must travel to the Court to file my pleadings which are only docketed days after the filing by the Clerk. In fact, the "Notice" was presented to the Clerk hours before the Dismissal was entered.

Thus, it appears to me that once I pointed out that he was in violation of LCvR 65.1(d), it was impossible for Judge Bates to even hold such a hearing as to do so would be an admission of his bias against me and in favor of the Defendants due to his breach of LCvR 65.1(d) to my detriment as time is plainly of the essence in this matter.

As for the §455(a) basis for disqualification, I believe that the Honorable John D Bates "impartiality might reasonably be questioned" as he has made himself criminally liable under 18 U.S.C. §3[4] as an "Accessory after the fact". My belief in this regard arises from the refusal of the Honorable John D Bates to allow my prompt presentation of evidence of Obama's criminal behavior to the Grand Jury.

Notably, 18 USCS §3 requires only commission of offense against United States; offense

---

[4]     "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact. Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571 [18 USCS § 3571]) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be imprisoned not more than 15 years."

4

need not be prosecutable or actually prosecuted. *United States v Balano*, 618 F2d 624, (CA10, 1979), *cert den.* 449 US 840 (1980). Moreover, "Accessory after fact" is an offense principally tending to evade public justice, and is subsequent in its commencement to aiding and abetting. *United States v Anthony,* (1956, DC Pa) 145 F Supp 323.

Here, the Honorable John D Bates is knowingly assisting Obama by refusing me access to the Grand Jury to present evidence of Obama's criminal behavior in order to hinder or prevent Obama's trial or punishment. As such, the Honorable John D Bates is arguably an "accessory after the fact" and thus his "impartiality might reasonably be questioned" in making rulings in this matter.

Finally, in the instant matter, Judge Bates as refused to timely set a hearing on my motion for preliminary injunction, refused to timely rule upon my motion for remand and ignored requests to timely set a status hearing though requested by both parties all apparently towards the end of allowing the passage of time to accomplish that which he refuses to address.

## III.   CONCLUSION

WHEREFORE, for the reasons aforesaid, I respectfully move for entry of an order disqualifying the Honorable John D Bates from further involvement in this matter.

### RULE 12.I(A) STATEMENT

The undersigned has consulted with Defendants' counsel who has indicated that he opposes the relief requested herein.

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2013, a true copy of the foregoing was caused to be served pursuant to LCvR 5.4 upon Andrew J. Saindon, Assistant Attorney General, Equity Section, 441 Fourth Street, N.W., 6th Floor South, Washington, D.C. 20001, Telephone: (202) 724-6643, Facsimile: (202) 730-1470, E-mail: andy.saindon@dc.gov.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2013

> **MONTGOMERY BLAIR SIBLEY**
> Plaintiff
> 4000 Massachusetts Ave., N.W., #1518
> Washington, D.C. 20016
> (202) 478-0371
>
> By: _____
> Montgomery Blair Sibley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

                PLAINTIFF,

vs.

YVETTE ALEXANDER,  DON R. DINAN AND
WILLIAM LIGHTFOOT,

                DEFENDANTS.
_____/

CASE NO.:12-CV-1984 (JDB)

ORDER ON PETITIONER'S MOTION TO
DISQUALIFY THE HONORABLE JOHN D
BATES

On Plaintiff's Motion to Disqualify the Honorable John D Bates;

IT IS ORDERED that the motion is GRANTED.

DONE AND ORDERED in Chambers, Washington, D.C. this ____ day of _____,

2013.

By: _____
                United States District Judge

Copies to:

Montgomery Blair Sibley
Andrew J. Saindon