UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY BLAIR SIBLEY,<br><br>Plaintiff<br><br>v.<br><br>YVETTE ALEXANDER, et al.<br><br>Defendants. | Civil Action No. 12-cv-1984 (JDB) |

### MEMORANDUM OPINION

Plaintiff Sibley has returned to this Court with yet another case challenging President Obama's eligibility to hold office. The case was filed in the Superior Court of the District of Columbia, where Sibley sought to enjoin defendants from casting their votes as electors for President Obama. Although a hearing was held on the preliminary injunction motion by the Superior Court, the action was subsequently removed to this Court while the motion was taken under advisement. Currently before the Court is that motion, several pending motions filed by Sibley, and motions by defendants to dismiss, to stay all discovery, or, in the alternative, to quash the various subpoenas, and for sanctions. For the reasons explained below, the Court will grant defendants' motion to dismiss the complaint for lack of jurisdiction, deny Sibley's motion for a preliminary injunction, and remand the case to the Superior Court of the District of Columbia.

### BACKGROUND

This case is similar to other ones brought by Sibley. See Sibley v. Obama, Civ. Action No. 12-0001 (D.D.C. 2012); Sibley v. Obama, Civ. Action No. 12-1832 (D.D.C. 2012). In those

1

actions, the Court rejected Sibley's various challenges to President Obama's eligibility to hold the office of President. See Sibley v. Obama, 866 F. Supp. 2d 17, 19, 23 (D.D.C. 2012); Sibley v. Obama, Civ. Action No. 12-1382, 2012 WL 6625813, at *1-2 (D.D.C. Dec. 19, 2012).  While slightly different, the current action is cut from the same cloth as his previous actions.  Sibley seeks to enjoin defendants Yvette Alexander, Don R. Dinan, and William Lightfoot from casting their electoral votes for President Obama because "he is ineligible to hold the office of President of the United States."  Sibley also seeks "a declaratory judgment that Defendants as electors cannot cast their Twelfth Amendment votes for . . . Obama . . . as he is not a 'natural born citizen' . . . ." Compl. at 1-2.  The Superior Court held a hearing on Sibley's motion for a preliminary injunction and took the matter under advisement.  Before the Superior Court issued a decision, the case was removed to this Court.  Sibley then filed several motions for an order to show cause [ECF Nos. 5, 11, 16]; to remand the matter to Superior Court [ECF No. 6]; and for expedited relief and discovery [ECF Nos. 7, 12].  Defendants have moved to dismiss on standing and mootness grounds, as well as on the merits, and have also sought to stay discovery or alternatively to quash the subpoenas, and for sanctions.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact. See Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the

Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), a court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). "[A] court must dismiss a case when it lacks subject matter jurisdiction." Randolph v. ING Life Ins. & Annuity Co., 486 F. Supp. 2d 1, 4 (D.D.C. 2007). "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (omission in original) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)). Moreover, "[a] court may appropriately dispose of a case under 12(b)(1) for standing," Randolph, 486 F. Supp. 2d at 5, or on mootness grounds, see Comm. in Solidarity with the People of El Salvador v. Sessions, 929 F.2d 742, 744 (D.C. Cir. 1991). A court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## ANALYSIS

**A.     Standing**

"Because Article III limits the constitutional role of the federal judiciary to resolving cases and controversies, a showing of standing 'is an essential and unchanging' predicate to any exercise of our jurisdiction." Nat'l Ass'n of Home Builders v. EPA, 667 F.3d 6, 11 (D.C. Cir.

2011) (citing and quoting Fla. Audubon Soc'y v. Bentsen, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc), and Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). The "constitutional minimum of standing contains three elements: (1) injury-in-fact, (2) causation, and (3) redressability." Ass'n of Flight Attendants–CWA v. U.S. Dep't of Transp., 564 F.3d 462, 464 (D.C. Cir. 2009) (quoting Lujan, 504 U.S. at 560–61 (quotation marks omitted)). Put another way, a plaintiff must establish: (1) that he suffered an "injury in fact", (2) that the injury is "fairly traceable" to the challenged action, and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Grocery Mfrs. Ass'n v. EPA, 693 F.3d 169, 174 (D.C. Cir. 2012) (citing and quoting Lujan, 504 U.S. at 560). "The party seeking to invoke the jurisdiction of the federal court 'bears the burden of establishing these elements.'" Id. (citing Lujan, 504 U.S. at 561).

Here, Sibley has suffered no injury in fact. The injury must be "concrete and particularized" and "actual or imminent." In re Navy Chaplaincy, 697 F.3d 1171, 1175 (D.C. Cir. 2012) (citing Lujan, 504 U.S. at 560-61). Moreover, where plaintiffs seek "'forward-looking injunctive . . . relief, past injuries alone are insufficient to establish standing.'" Id. (quoting NB ex rel. Peacock v. District of Columbia, 682 F.3d 77, 82 (D.C. Cir. 2012)). Instead, a plaintiff must demonstrate "an imminent threat of future injury." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). This latest attempt by Sibley to challenge the eligibility of President Obama to hold office, as with his previous efforts and those of others, fails because he has not shown any injury, much less a concrete or particularized one. See, e.g., Sibley, 866 F. Supp. 2d at 20; Sibley, 2012 WL 6625813, at *1-2; see also Kerchner v. Obama, 612 F.3d 204, 207 (3d Cir. 2010); Berg v. Obama, 586 F.3d 234, 238-39 (3d Cir. 2009); Taitz v. Obama, 707 F. Supp. 2d 1, 3 (D.D.C. 2010). Sibley claims he has standing as a registered voter in the District of

Columbia or, alternatively, as a write-in candidate for the 2012 presidential election.  He states he "is in danger of suffering irreparable harm if the Defendants are forced and/or choose to cast their Twelfth Amendment votes for an ineligible President as they thereby cannot vote for Plaintiff for President."  Compl. ¶ 26.  But Sibley's status as a voter, standing alone, is insufficient to confer standing.  See, e.g., La Botz v. FEC, --- F. Supp. 2d ----, 2012 WL 3834865, at *3 (D.D.C. 2012) ("[V]oters cannot assert standing based on their generalized interest in fair elections."); Warth v. Seiden, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").  And, as this Court and other courts, including the D.C. Circuit, have previously explained, Sibley's status as a write-in candidate is insufficient to confer standing because there is no evidence, nor authority, that Sibley points to which would indicate that the electors would otherwise have cast their votes for him.  See Order at 1, Sibley v. Obama, App. No. 12-5198 (D.C. Cir. Dec. 6, 2012) (internal citations and quotations omitted).

Nor can Sibley demonstrate that his purported injury is "fairly traceable" to the defendants' conduct.  See Urban Health Care Coalition v. Sebelius, 853 F. Supp. 2d 101, 105 (D.D.C. 2012) (quoting Humane Soc'y of U.S. v. Babbitt, 46 F.3d 93, 100 (D.C. Cir. 1995).  Sibley's complaint makes it abundantly clear that his challenge (as with his prior unsuccessful attempts) is to the eligibility of President Obama to hold office for another term.  Any claimed injury arising out of President Obama's re-election is not fairly traceable to the casting of defendants' mere three electoral votes for President Obama out of the 538 total votes available, the 270 needed to elect President Obama, or the 332 votes that were cast for President Obama

and verified.[1]  Relatedly, as defendants observe, even if the Court granted the requested relief, Sibley would still fail to satisfy the redressibility element because enjoining defendants from casting the District of Columbia's three electoral votes would not change the outcome of the election.[2]  See Def.'s Mot. to Dismiss at 13; see also Newdow v. Roberts, 603 F.3d 1002, 1011 (D.C. Cir. 2010); Wilderness Soc'y v. Norton, 434 F.3d 584, 590 (D.C. Cir. 2006)); Babbitt, 46 F.3d at 100 (noting that redressibility inquiry often "melds into that of causation" and where a challenged action is not "fairly traceable" to the claimed injury, there is "no possibility" that the injury could be redressed through a favorable decision by the court) (internal quotations and citations omitted).  For all these reasons, Sibley's action must be dismissed for lack of standing.

**B.      Mootness**

Sibley's claims are also now moot.  He sought to enjoin the electors from casting their ballots, which has already occurred.  See Newdow, 603 F.3d at 1008 (finding challenge to religious elements in the 2009 inauguration ceremony moot after the inauguration occurred and the prayers and oath were already spoken).  "[T]his court has no power to alter the past." Herron for Congress v. FEC, --- F. Supp. 2d ----, 2012 WL 5451811, at *3 (D.D.C. 2012).  Sibley argues that his claims are "capable or repetition, yet evading review" and hence survive dismissal on mootness grounds.  Pl.'s Response to Defs.' Mot. to Dismiss & Reply to Defs.' Omnibus Response at 1-2 ("Pl.'s Response").  But Sibley cannot make the requisite showing of "'a

---

[1] See "Congress Verifies: Obama, Biden Win Electoral College Vote," Reuters, Jan. 4, 2013, http://www.reuters.com/article/2013/01/04/us-usa-congress-electoral-idUSBRE90300QP20130104.

[2] Sibley also makes "class action allegations," seemingly against defendants as "proper representatives of a Class" which, according to Sibley, "consists of 538 persons – the total number of electors . . . ."  Compl. ¶¶ 6-12.  However, Sibley has not alleged, nor can he demonstrate, that any of these votes would have been cast for him.

6

reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" Herron, 2012 WL 5451811 at *3 (citing and quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982) (per curiam)).  Sibley merely claims that "it is a reasonable expectation that he will be subjected once again in four years to Congressional control of Electors whose vote is pre-ordained and made for ineligible candidates." Pl.'s Response at 2.  But these contentions are too vague, conjectural, and speculative. "When a claim rests entirely on an unlikely chain of hypothetical occurrences, the court must conclude that the controversy is not likely to reappear." Herron, 2012 WL 5451811 at *4.  Accordingly, Sibley's claims seeking injunctive and declaratory relief are moot.[3]

**C.     Preliminary Injunction**

Because Sibley lacks standing to bring his complaint and his claims are moot, his motion for a preliminary injunction must be denied.  See, e.g., Taitz v. Obama, 707 F. Supp. 2d 1, 4 n.2 (D.D.C. 2010) (denying preliminary injunction after concluding petitioner lacked standing to pursue her quo warranto action against President Obama to determine his eligibility for office). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011).  "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits,[2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."

---

[3] Although Sibley seeks to amend his complaint to add new claims, inter alia, to prevent the electoral votes cast by the District of Columbia from being counted, such an amendment would be futile, and would not cure the other jurisdictional defects in this action, i.e., Sibley's lack of standing. Moreover, because the votes have already been counted, these claims in the amended complaint remain moot.  Accordingly, his motion to amend the complaint will be denied.

7

Winter, 555 U.S. at 20.

Sibley fails to establish any of these requirements here. As explained above, it is inconceivable that he could succeed on the merits of his case because he lacks standing to bring his complaint and because his claims are moot. And since Sibley has failed to demonstrate an injury in fact sufficient to establish standing, he has also failed to demonstrate irreparable harm warranting a preliminary injunction. See, e.g., Air Transport Ass'n of Am. v. Export-Import Bank of the U.S., --- F. Supp. 2d ----, 2012 WL 2914442, at *14 (D.D.C. 2012) ("The irreparable-harm standard requires a more significant showing than the injury-in-fact standard."); In re Navy Chaplaincy, 534 F.3d 756, 766 (D.C. Cir. 2008) ("[T]o show irreparable harm '[a] plaintiff must do more than merely allege . . . harm sufficient to establish standing.'") (quoting Assoc. Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity, 950 F.2d 1401, 1410 (9th Cir. 1991)). The balance of equities and the public interest tip decidedly against Sibley because, as defendants point out, "an injunction would substantially injure . . . the public's interest in an orderly election process." Defs.' Mot. to Dismiss at 15; see also Hubbard v. United States, 496 F. Supp. 2d 194, 203 (D.D.C. 2007) ("'It is in the public interest to deny injunctive relief when the relief is not likely deserved under law.'") (quoting and citing Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 287 (D.D.C. 2005)).

**D.     Remand**

Because the Court concludes that Sibley's action must fail on standing and mootness grounds, it need not pass on the merits of the issues, or on Sibley's various motions seeking orders to show cause to expedite discovery. In any event, those motions are likely to be moot since it appears that Sibley would not be able to satisfy any of the standing requirements in the District of Columbia courts as well. See, e.g., Friends of Tilden Park, Inc. v. District of

Columbia, 806 A.2d 1201, 1206-7 (D.C. 2002). Although there may be some futility in remanding this case, the D.C. Circuit does not appear to have adopted a futility exception to the remand requirement of 28 U.S.C. § 1447(c). Indeed, in Randolph v. ING Life Ins. & Annuity Co., 486 F. Supp. 2d 1, 10 (D.D.C. 2007), the district court, in considering the issue, observed that caselaw in this circuit suggests that there is no futility exception to remand, and that the plain language of section 1447(c) requires remand once a federal court concludes that it lacks subject matter jurisdiction over an action. See id. (citing Rep. of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case."); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added).[4] Other courts in this jurisdiction have also noted the mandatory nature of the directive in section 1447(c). See, e.g., J.S.R. v. Wash. Hosp. Ctr., 667 F. Supp. 2d 83, 85 (D.D.C. 2009); Queen v. Schmidt, Civ. Action No. 10-2017, 2011 WL 4101117, at * 1-2 (D.D.C. Sept. 14, 2011). Accordingly, the Court having concluded that there is no subject matter jurisdiction in this Court, the case will be dismissed and remanded to the Superior Court of the District of

---

[4] This result is not altered by the D.C. Circuit's opinion in Shaw v. Marriott Int'l, Inc., 605 F.3d 1039, 1044 (D.C. Cir. 2010), which discussed the Supreme Court's decision in Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381 (1998), holding that § 1447(c) did not require a district court to relinquish its removal jurisdiction over a case with multiple claims simply because it lacked subject matter jurisdiction over one of the claims. In Shaw, some (but not all) of the plaintiffs lacked standing to bring their claims; therefore, the D.C. Circuit concluded that remand of the entire case to state court was not required because jurisdiction was not lacking over the entire case. Id. at 1044. Here, Sibley seeks injunctive and declaratory relief related to the purportedly illegitimate casting of electoral votes for President Obama in the District of Columbia. Sibley's other motions are related to the pursuit of that claim. Hence, the entirety of Sibley's action cannot be maintained in this Court because the claim is moot and Sibley lacks standing, and remand of the entire case is therefore appropriate.

Columbia.[5]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the action for lack of subject matter jurisdiction will be granted, the motion for a preliminary injunction will be denied, and the case will be remanded to the Superior Court of the District of Columbia. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 8, 2013

---

[5] As defendants themselves observe, the numerous discovery-related motions filed by Sibley and the motion to stay discovery, need not be resolved by this Court in light of the determination that jurisdiction over the action is lacking. Moreover, in light of the remand to Superior Court, the Court will not address the defendants' motion for sanctions. Finally, Sibley has moved for "an order disqualifying the Honorable John D. Bates from further involvement in this matter." Because the Court has determined that it lacks jurisdiction over Sibley's claims, that motion is essentially moot and will therefore be denied. In any event, there is no merit to that motion. Sibley claims that the Court is biased by focusing on the Court's prior rulings in a different case involving Sibley, because it failed to provide him with a hearing and to rule on his motion for remand, and because it refused to allow Sibley's "prompt presentation of evidence of Obama's criminal behavior to the Grand Jury." Pl.'s Mot. to Disqualify at 4-5. A judge's rulings in cases are not a proper ground for a recusal motion. See Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, these actions cited by Sibley do not suggest that "any reasonable and informed observer" would question this Court's impartiality, as Sibley is required to show under 28 U.S.C. § 455. See, e.g. SEC v. Loving Spirit Found., 392 F.3d 486, 493-94 (D.C. Cir. 2004). In addition, Sibley fails to provide the requisite affidavit pursuant to 28 U.S.C. § 144.